IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **NIPPONKOA INSURANCE COMPANY, LTD.,** | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:06cv0447 |
| **OZARK MOTOR LINES, INC.,** | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

Before the Court is Defendant Ozark Motor Lines, Inc.'s motion for leave to file a third-party complaint against Toshiba America Consumer Products, LLC ("Toshiba") and The Wackenhut Corporation ("Wackenhut") (Doc. No. 22). This motion—ordinarily one that would be granted with little or no opposition—is highly contested, as demonstrated by the fact that a response brief, a reply, and a sur-reply have all been filed in connection with the motion (Doc. Nos. 27, 31, and 32, respectively). Specifically, NipponKoa appears to contest the motion only insofar as it seeks to add Toshiba as a third-party defendant and not as it pertains to Wackenhut.

For the reasons discussed below, the Court will grant Ozark's motion to file a third-party complaint against both Wackenhut and Toshiba, with some modifications. In particular, Ozark has not alleged facts in its proposed third-party complaint that would support a claim for punitive damages or attorney fees under the applicable law; consequently, such claims should not be included in the third-party complaint unless Ozark is in actual possession of facts supporting them. In addition, claims against Toshiba purportedly for reimbursement or indemnification relating to the theft of the television shipments are more properly characterized as affirmative defenses and should not be included as "claims" in the third-party complaint.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

NipponKoa filed its complaint in February of this year in the United States District Court for the Southern District of New York. NipponKoa is a Japanese corporation engaged in the provision of commercial insurance, whose principal office and place of business is in Japan. Defendant Ozark is a Tennessee corporation whose principal place of business is in Memphis. Ozark is engaged in business as a common

carrier of merchandise. Jurisdiction in federal court is proper as the primary claims appear to arise under federal law; in addition, there is complete diversity among the parties and the amount in controversy is in excess of $75,000. The incidents giving rise to the causes of action alleged in the complaint occurred primarily within the Middle District of Tennessee; consequently, after Ozark filed its answer to the complaint, the parties stipulated to transfer of the case to this Court.

In its complaint, NipponKoa alleged that its insured, Toshiba, contracted with Ozark for the shipment of a quantity of televisions in February 2005. Ozark allegedly "arranged, received and accepted" the shipment in Lebanon, Tennessee, with the agreement that Ozark would convey the shipment to Reading, Pennsylvania. The entire shipment of televisions, including the Ozark trailer on which they were loaded, was stolen from Toshiba's facility after Ozark's representative signed the bill of lading but before Ozark's driver returned to the premises to pick up the shipment. A month later, a second shipment of televisions was stolen in the same manner, again after Ozark had signed the bill of lading but before it actually picked up the loaded trailer.

NipponKoa, as Toshiba's insurer, paid Toshiba's claim pertaining to its losses resulting from the two thefts in the amount of approximately $171,000. Consequently, NipponKoa as Toshiba's subrogee brings claims relating to the losses "on its own behalf as agent, trustee, assignee and/or subrogee, on behalf of and for the interest of all parties interested in and who were damaged as a result of the theft" of both shipments. NipponKoa asserts causes of action in the complaint for (1) breach of contract and/or duties under the Carmack Amendment, 49 U.S.C. § 14706; (2) breach of bailment obligations; and (3) negligence. In its answer, Ozark denies liability and asserts numerous affirmative and factual defenses, including most notably (1) that the freight was stolen before Ozark ever took possession of it; (2) comparative negligence on the part of Toshiba and other parties; and (3) failure to join indispensable parties.

After transfer of venue to this Court, a case management plan and scheduling order was entered, requiring among other things that "[j]oinder of additional parties . . . be accomplished by August 1, 2006." (Doc. No. 14, at ¶ B.) On July 31, 2006, Ozark filed its motion for leave to file a third-party complaint against NipponKoa's insured, Toshiba, as well as against Wackenhut, which provided security services at Toshiba's facility from which the shipments were stolen. In support of its motion, Ozark argues that Toshiba and Wackenhut are responsible for the actions alleged in the complaint, and that if Ozark were to be found liable

for damages to NipponKoa, then Toshiba and Wackenhut would be liable to Ozark "to an equal or greater extent." (Doc. No. 21, at 2.) In support of that contention, Ozark alleges, basically, that the shipments in question were stolen from Toshiba's campus in Lebanon through the negligence of certain Wackenhut and Toshiba employees, before Ozark accepted delivery of the shipment. Along with the Toshiba televisions, the thief also took two Ozark trailers. These trailers were eventually recovered but both allegedly sustained substantial damage. Thus, Ozark's proposed third-party complaint also appears to state a claim for damages against both Wackenhut and Toshiba based upon the alleged damage to Ozark's trailers. Its damages are otherwise unspecified but, in its prayer for relief, Ozark seeks compensatory damages in excess of $200,000, punitive damages, and "reasonable foreseeable consequential damages in an amount to be proven at trial." (Doc. No. 23, Ex. A., at 13.)

## II. LEGAL STANDARD

Rule 14 of the Federal Rules of Civil Procedure states in pertinent part:

> At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action *who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claims against the third-party plaintiff*.

Fed. R. Civ. P. 14(a). Because more than ten days had passed since service of the original answer, Ozark was required under the same rule to file a motion and obtain leave of court before filing the third-party complaint. *Id.*

Rule 14 makes it clear that a third-party claim may be asserted "only when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to defendant. If the claim is separate or independent from the main action, impleader will be denied." C.A. Wright, A. Miller, M.K. Kane, *6 Federal Practice and Procedure* § 1446, at 355–58 (1990).

Whether a third-party claim should be allowed to proceed is committed to the discretion of the trial court. *Eastman Chem Int'l Ltd. v. Va. Nat'l Bank*, 94 F.R.D. 21, 22 (E.D. Tenn. 1981). As a general rule, "timely motions for leave to implead third parties should be freely granted . . . unless to do so would prejudice the plaintiff, unduly complicate the trial, or would foster an obviously unmeritorious claim." *Nova Prods., Inc. v. Kisma Video, Inc.*, 220 F.R.D. 238, 240 (S.D.N.Y. 2004).

Other rules also pertain to the joinder of additional claims and parties, including, as discussed below, Rule 13, which applies to counterclaims; Rule 19, providing for joinder of persons needed for just adjudication; and Rule 21, which permits the Court to add or drop parties of its own initiative at any stage of the litigation "on such terms as are just." Fed. R. Civ. P. 21.

## III.  ANALYSIS

### A.  The Parties' Arguments

NipponKoa opposes Ozark's motion to add Toshiba as a third-party defendant primarily on the grounds that (1) the purpose of the motion is to "harass" NipponKoa's customer, Toshiba; and (2) the motion is a circular attempt to lay blame for the theft of Toshiba's goods at Toshiba's feet, which was already asserted as an affirmative defense. In other words, NipponKoa asserts that because NipponKoa is already subrogated to Toshiba's rights, and Toshiba's interests are represented in this litigation by NipponKoa, the motion to add Toshiba is unnecessary. NipponKoa does not directly address the propriety of adding Wackenhut as a third-party defendant, and certainly does not object on the grounds that the addition of Wackenhut would substantially complicate the trial or that NipponKoa would be prejudiced thereby. Moreover, it is clear that Ozark has stated a claim against Wackenhut, albeit inartfully, for indemnity or contribution based upon Wackenhut's alleged negligence, along with a supplemental claim relating to the damages to Ozark's trailers. Consequently, the Court will grant the motion to file a third-party complaint against Wackenhut without further discussion.

As to Toshiba, however, the issue is more complicated. NipponKoa argues that Ozark's attempt to add Toshiba as a third-party defendant "makes no sense because [Toshiba] is already present as a *de facto* party in this action, and its interests are represented in this action by virtue of the subrogation of its claim to NipponKoa. Any claims which Defendant has against [Toshiba] are more appropriately asserted as a defense to Plaintiff's action, which Defendant has already apparently done in its Answer." (Doc. No. 27, at 6.) In addition, NipponKoa asserts that Ozark's motion is "futile" because "[t]he Carmack Amendment governs all rights and duties between motor carriers and shippers and thus preempts state and common law claims and remedies for loss of and damage to cargo shipped under a bill of lading." (Doc. No. 27, at 9–10 (citing *Missouri Pac R.R. Co. v. Elmore & Stahl*, 377 U.S. 124, 137 (1964); *W.D. Lawson & Co. v. Penn Central Co.*,

456 F.2d 419, 420 (6th Cir. 1972)). Finally, NipponKoa asserts that the claims Ozark seeks to make against Toshiba are "substantively defective" and would not survive a motion to dismiss.

In response, Ozark argues that its motion should be granted as doing so would permit the resolution of all the various related claims to be resolved in one action, thus furthering the interests of judicial economy and "justice" generally, and it would not prejudice the interests of NipponKoa in any way. Ozark also contends that its causes of action are substantively valid and not preempted by the Carmack Amendment. In particular, Ozark argues that its claims pertaining to alleged damage to its own equipment as a result of the thefts, with respect to which NipponKoa does not stand in Toshiba's shoes, fall outside the scope of the Carmack Amendment. In its sur-reply, NipponKoa responds that (1) any claims relating to damages to Ozark's trailers are "first-party" claims, not third-party claims for indemnity and contribution, and are therefore not properly brought under Rule 14; (2) Ozark never raised claims pertaining to its trailers in the original proposed Third-Party Complaint; and (3) such claims would be barred by the economic loss doctrine anyway.

**B.    Discussion**

***(1)  Rule 14 Is Not the Proper Vehicle for Adding Toshiba As a Third-Party Defendant.***

Because NipponKoa, as Toshiba's insurer, brings its claims against Ozark in subrogation, any defenses Ozark might have asserted against Toshiba may also be asserted in this action against NipponKoa. *See United States v. Aetna Cas. & Sur. Co.*, 338 U.S. 366, 380–81 (1949) (subrogee insurance company who has paid insured's claim in full is the only "real party in interest" with respect to the subject-matter of the claim); *Ohio Cas. Ins. Co. v. Vermeer Mfg. Co.*, 298 F. Supp. 2d 575, 580 (W.D. Ky. 2004) (a subrogee is entitled to all the claims of its insured "as well as being saddled with all the defenses available against it"). Consequently, Ozark does not need to add Toshiba as a third-party defendant in order to assert such defenses, as Ozark apparently recognized judging from the affirmative defenses asserted in its Answer. Moreover, it is clear that if Ozark is found liable to NipponKoa based upon Toshiba's loss despite Ozark's asserted defenses, then Toshiba, in whose shoes NipponKoa stands, cannot be secondarily liable for any portion of those damages—this would be tantamount to finding Toshiba liable to itself for its own losses. Because Rule 14 applies "only when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to defendant," Wright, Miller, & Kane, *Federal Practice*

*and Procedure* § 1446, at 355–58, Rule 14 is not the appropriate vehicle for asserting what amounts to affirmative defenses with respect to the loss of Toshiba's property.

Nor is Rule 14(a) the appropriate mechanism through which to assert a claim against Toshiba relating to alleged damages to Ozark's own trailers, which is a claim separate and independent from that asserted in the main action. *Cf.* Wright, Miller & Kane, *Federal Practice & Procedure* § 1446, at 356–58 ("If the claim is separate or independent from the main action, impleader will be denied." (collecting cases)). Given that Rule 14 is not the appropriate vehicle for impleading Toshiba in this case, the question is whether some other mechanism for doing so exists.

### *(2) Rule 21 Gives the Court Discretion to Add Toshiba As a Party*.

Clearly, but for the subrogation of Toshiba's claims to NipponKoa, Toshiba would have been a plaintiff in this action and Ozark would have had the ability simply to assert a counterclaim against it. Moreover, because Ozark's trailers were stolen along with the televisions loaded onto them, a counterclaim relating to the alleged damages to Ozark's trailers would have been deemed "compulsory" rather than merely "permissive," given that the claim obviously "arises out of the transaction or occurrence that is the subject matter of [NipponKoa's] claim and does not require for its adjudication the presence of third parties over whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13(a); *cf. Transamerica Occidental Life Ins. Co. v. Aviation Office of Am., Inc.*, 292 F.3d 384, 389–90 (3d Cir. 2002) ("For a claim to qualify as a compulsory counterclaim, there need not be precise identity of issues and facts between the claim and the counterclaim; rather, the relevant inquiry is whether the counterclaim bears a logical relationship to an opposing party's claim. . . . [A] logical relationship between claims exists where separate trials on each of the claims would involve a substantial duplication of effort and time by the parties and the courts." (internal quotations marks and citations omitted)). The purpose of Rule 13(a) is to promote judicial economy, so the term "transaction or occurrence" is construed generously to further this purpose. *Transamerica Occidental Life Ins. Co.,* 292 F.3d at 390. Further, under this rule, a claim which *should* have been brought as a compulsory counterclaim will be barred if it is brought later instead, as a separate action.

In fact, some courts have barred claims on the basis that they should have been brought as a compulsory counterclaim in an earlier action, even where the parties to the first and second action are not

precisely identical but where such parties stood in a subrogation relationship to each other. For instance, in *Avemco Ins. Co. v. Cessna Aircraft Co.*, 11 F.3d 998 (10th Cir. 1993), the Tenth Circuit recognized an insurer-subrogee, though not named as a party to the original litigation, to be an "opposing party" for Rule 13(a) purposes because of its close relationship with the named opposing party in the earlier action. Avemco was the insurer of a plane owner and pilot (the "insured") who was subject to two personal injury claims brought by passengers who were injured in a plane crash. Avemco settled the first claim against the insured. The second personal injury suit was brought against both the insured and the manufacturer of the plane. The manufacturer filed a third-party complaint against the insured for negligent operation, but the insured filed no counterclaim against the manufacturer for contribution or indemnification for the settlement amount in the first, settled action. Avemco then filed a new action against the manufacturer for indemnification and contribution in the first action, but the court determined that Rule 13(a) barred this action because it should have been brought as a compulsory counterclaim in the second personal injury action. The Tenth Circuit stated that "[i]n a situation such as this, where the insurer has controlled the defense in both actions, there is little to commend allowing the insurer to sit idly by during the subsequent litigation, only to bring a separate action against the very same defendant at a later date." *Id.* at 1001.

The Third Circuit was confronted more recently with a similar issue in which it barred an indemnification claim brought by an insurer on the basis that the claim should have been brought as a compulsory counterclaim in a prior action even though the insurer was not named as an actual party in the prior action. In concluding that the claim was barred, the court noted that, while there are very few cases interpreting the term "opposing party" as used in Rule 13(a), "[a] few courts have found . . . that an unnamed party may be so closely identified with a named part as to qualify as an 'opposing party' under Rule 13(a)." *Transamerica Occidental Life Ins. Co.*, 292 F.3d at 390. The court also concluded that because Rule 13(a) was closely related to the concept of *res judicata*, "opposing parties" under Rule 13(a) should include those in privity with the formally named parties. *Id.* at 392–93. Noting that "[a]n assignee is normally understood to stand in privity to his assignor," the court found such privity to exist in that case. The court granted the motion to dismiss the action as a barred compulsory counterclaim that should have been brought in a prior action, noting that it was "effectuat[ing] the purpose of Rule 13(a) 'to prevent multiplicity of actions and to

achieve resolution in a single lawsuit of all disputes arising out of common matters.'" *Id.* at 393 (quoting *Southern Constr. Co. v. Pickard*, 371 U.S. 57, 60 (1972)).

The procedural stance in the case at bar is somewhat more similar to that in *Banco Nacional de Cuba v. First Nat. City Bank of New York*, 478 F.2d 191 (2d Cir. 1973). There, Banco National originally brought suit against First National City Bank in the Southern District of New York. The City Bank brought a counterclaim against the Republic of Cuba, which was not actually named as a party, arguing that the Republic of Cuba was the real party in interest and the Cuban government was indebted to the City Bank for the value of illegally expropriated property of National City Bank in Cuba. Although the Banco National contended that the counterclaim was improper because the Republic of Cuba was not an "opposing party" within the meaning of Rule 13, the district court and then the Second Circuit disagreed, finding that Banco Nacional and the Republic of Cuba were "one and the same for purposes of this litigation," and thus that the Republic of Cuba was an opposing party within the meaning of Rule 13 against which the counterclaim was properly asserted. *Id.* at 193 n.1.

The facts and procedural history of this case are obviously quite different from those in the cases cited above, but a number of critical similarities suggest that Toshiba might properly be considered an "opposing party" in this case for purposes of Ozark's ability to bring a counterclaim against it, including the subrogation relationship, and thus privity, between Toshiba and NipponKoa. Based on that relationship, this Court cannot say with certainty that the claim Ozark seeks to assert against Toshiba relating to the damage to its trailers, if not raised now, would not be barred later as a compulsory counterclaim in this case. Under the case law cited above, there is a substantial risk that it would be. As NipponKoa itself acknowledges, Toshiba is a "de facto" party to this lawsuit already given the relationship between NipponKoa and Toshiba.

There are significant differences here as well, however. In particular, NipponKoa is clearly the real party in interest to pursue the primary claims in this case, having reimbursed Toshiba in full for its loss relating to the theft of the television shipments. Consequently, Toshiba likely will have little or no involvement in the conduct of the litigation beyond the provision of witnesses. Consequently, it does not appear that a counterclaim against Toshiba would be appropriate in the absence of service of process upon Toshiba itself and having Toshiba formally added as a party.

In that regard, Rule 21 of the Federal Rules of Civil Procedure permits the Court to drop or add parties "of its own initiative at any stage of the action and on such terms as are just." The Court finds that Rule 21 gives it the discretion to add Toshiba as a party to this case. Adding Toshiba as a party would allow complete resolution of all matters in controversy relating to the theft of the shipments, thus furthering the interests of judicial economy and efficiency, equity and the preservation of resources. For those reasons, the Court will grant Ozark's motion to add Toshiba as a third-party defendant.

### *(3) NipponKoa's Objections to the Joinder of Toshiba Are without Merit.*

As for the substance of the proposed claims against Toshiba, NipponKoa has not argued that it will be prejudiced in any way by the joinder of Toshiba, or that the joinder would significantly delay or complicate these proceedings. Instead, NipponKoa asserts that Ozark did not raise any claim relating to damages to its trailers in the proposed Third-Party Complaint, which is simply incorrect. (*See* Doc. No. 23, Ex. A, Proposed Third-Party Complaint, at ¶¶ 17, 29–32 *et seq.*) NipponKoa also claims that the damages alleged are in the form of pure economic loss, which are barred under Tennessee law. To the contrary, at this point in the proceedings at least, it appears the alleged damages arise from damage to Ozark's property and therefore would not necessarily be barred by the economic loss doctrine. *See Amsouth Erectors, LLC v. Skaggs Iron Works, Inc.*, 2003 WL 21878540, at *4 n.7 (Tenn. Ct. App. Aug. 5, 2003) ("The economic loss rule . . . refers to the prohibition against recovery in negligence or products liability for purely economic loss, as distinguished from loss traced to personal injury or property damage." (quoting Matthew S. Steffey, Negligence, Contract, and Architects' Liability for Economic Loss, 82 Ky. L.J. 659, 660 n.6 (1994))).

NipponKoa also asserts that because Ozark's claims would not survive a motion to dismiss, the Court should deny Ozark's motion to join both Wackenhut and Toshiba as defendants. At this stage in the proceedings, the Court cannot say with certainty that Ozark has not stated some meritorious claim, *except* with respect to its claims for punitive damages and attorney fees. It is clear that Ozark has not alleged facts in its proposed third-party complaint that would support those claims. With respect to Ozark's other claims, NipponKoa and the third-party defendants will have further opportunity to contest the validity of Ozark's claims in a context that will also permit Ozark to respond to such arguments.

### IV.     CONCLUSION

In sum, Ozark will be permitted to file a third-party complaint naming both Wackenhut and Toshiba as third-party defendants. The third-party complaint shall not include claims for punitive damages or attorney fees unless Ozark can allege specific facts to support such claims. In addition, the claim against Toshiba shall not include claims more properly characterized as affirmative defenses to the claims asserted against Ozark by NipponKoa as Toshiba's subrogee.

An appropriate order will enter.

Thomas A. Wiseman, Jr.
Senior U.S. District Judge